UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ELIZABETH A. TURNER,

      Plaintiff,                              Civil Action No.
                                                    04-CV-71221

vs.

                                                     HON. BERNARD A. FRIEDMAN

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant

_____/

## OPINION REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

      This matter is presently before the court on cross motions for summary judgment. In a Report and Recommendation dated March 7, 2005, Magistrate Judge R. Steven Whalen recommends that the court grant plaintiff's motion for summary judgment and deny defendant's motion. Defendant filed an objection to this recommendation and plaintiff responded to defendant's objection.

      The court reviews de novo those portions of the magistrate judge's report and recommendation to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); E.D. Mich. LR 72.1(d)(2). For the reasons set forth below, the court shall reject the magistrate judge's report and recommendation, sustain defendant's objection, grant defendant's motion for summary judgment, and affirm the Commissioner of Social Security's decision.

In the instant case, plaintiff Elizabeth A. Turner, appeals the Commissioner of Social Security's final decision denying her application for Disability Insurance Benefits. In reviewing the Commissioner's decision, the court must determine whether it is supported by substantial evidence. Sherrill v. Sec'y. of Health & Human Servs., 757 F.2d 803, 804 (6th Cir. 1985). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's decision, it must be affirmed, even if there is substantial evidence that also supports the opposite conclusion. Smith v. Chater, 99 F.3d 780, 781-82 (6th Cir. 1996).

The medical records and other evidence in this matter are more than adequately summarized in the magistrate judge's report and recommendation, the ALJ's decision, and the parties' briefs. Therefore, the evidence need not be fully repeated here. Briefly, since the age of seventeen, plaintiff has experienced intermittent episodes of neck and shoulder pain. Tr. 136. She receives periodic treatment for hypertension, asthma, bronchitis, gastro esophageal reflux disease (GERD), irritable bowel syndrome (IBS), and upper respiratory infections. Tr. 227-58. Plaintiff testified that many of these conditions, specifically hypertension, GERD, and IBS, are to some extent controlled with medication. Tr. 217, 229.

In addition to these physical problems, plaintiff also claims that she suffers from mental and emotional hardships, specifically depression. However, she acknowledged at the hearing that she was "doing well," since commencing anti-depressant medication. Tr. 229. Furthermore, she did not include depression among her

health concerns on her disability application. In addition to depression, a psychiatrist noted that plaintiff suffers from moderate difficulties in maintaining concentration, persistence, or pace. Tr. 203.

Based on the medical evidence submitted, the Commissioner determines if a claimant is disabled. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To make this determination the Commissioner employs the following sequential process:

1. A claimant who is working and engaging in substantial gainful activity will be found to be not disabled;
2. A claimant who does not have an impairment or combination of impairments which significantly limits his or her ability to perform basic work activities will be found not disabled;
3. A claimant who has an impairment which meets or equals a listed impairment in Appendix 1, Subpart P, Regulations No. 4 will be found to be disabled;
4. A claimant who is capable of performing work which he or she has done in the past will be found to be not disabled;
5. A claimant's residual functional capacity, age, education, and work experience must be considered to determine if other work exists which he or she is capable of performing.

20 C.F.R. § 404.1520.

Plaintiff's claim was initially denied by the regional commissioner of the Social Security Administration. Next, plaintiff timely filed a request for a hearing in

front of an administrative law judge (ALJ). The hearing was conducted on October 29, 2003, in Lansing, Michigan.

The ALJ, after considering all of the evidence and hearing testimony from plaintiff, concluded that she was not disabled within the meaning of the Social Security Act. The ALJ found that plaintiff's impairments were not severe enough to meet any of the listed impairments in Appendix 1 of 20 C.F.R. pt. 404, subpt. P, app.1; 20 C.F.R. § 416.924(d) (2000). The ALJ also found that plaintiff was unable to perform work she had "done in the past," but other work exists which she is capable of performing. Specifically, the ALJ found that plaintiff could perform the work of an inspector, surveillance monitor, order clerk, telemarketer, referral clerk, and appointment clerk. Tr. 21-23.

Defendant objects to the magistrate judge's recommendation that the ALJ lacked substantial evidence for the step five determination that plaintiff retained the ability to perform a significant number of jobs in the national economy. Specifically, defendant objects to the conclusion that the hypothetical question posed to the vocational expert (VE) at the hearing, did not accurately portray plaintiff's mental limitations.

The hypothetical question posed to the VE by the ALJ, is the following:

> Assume that I find that the claimant's residual functional capacity assessment showed the maximum sustained exertional work capacity to perform work which allowed her to lift 10 pounds occasionally and five pounds on a routine basis; able to stand and/or walk two hours out of an eight hour day; able to sit at least six hours out of an eight hour day. In order to perform that work there should be no repetitive bending, twisting or turning, no crawling, squatting, kneeling or climbing; no working at unprotected heights; no working around unprotected moving machinery. The job should be done in a controlled

>environment, relatively free from dust, smoke and fumes. No requirement for overhead work. The job should be considered simple, routine, one, two step process jobs. Given those restrictions, what jobs would be available for an individual the claimant's age, education, past work background?

Tr. 294-5. The report and recommendation concludes that this hypothetical question did not accurately portray plaintiff's mental impairments.

The court rejects this recommendation. Plaintiff's mental impairments were more than adequately incorporated into the hypothetical. Based on all of the medical evidence available, the ALJ determined that plaintiff had mild to moderate deficiencies of concentration, persistence, or pace. As a result of these deficiencies, the ALJ made a detailed residual functional capacity (RFC) assessment, and concluded that plaintiff was able to perform tasks that are simple, routine, and require only one to two steps. Tr. 21. Although the report correctly notes that the hypothetical question does not specifically mention plaintiff's mental disabilities, the record reflects that those disabilities were the basis for the RFC finding, and the RFC finding was the basis for the hypothetical question.

Hypothetical questions restricted to simple, unskilled work, are sufficient to describe a claimant with concentration difficulties. For example, the Sixth Circuit held that a hypothetical question restricting a person to routine and low stress jobs sufficiently incorporated a plaintiff's concentration problems. Smith v. Halter, 307 F.3d 377, 379 (6th Cir. 2001). Additionally, the Eighth Circuit held that an ALJ's hypothetical pertaining to someone who is capable of completing simple, routine tasks "adequately captures

5

[claimant's] deficiencies in concentration, persistence, or pace." Howard v. Massanari, 255 F.3d 577, 582 (8th Cir. 2001).

Hypothetical questions directed at a VE are not required to include lists of claimant's medical conditions. See Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). The ALJ evaluates the medical evidence not the VE. It is outside the expertise of the VE to make evaluative determinations based on complex medical jargon. The VE's testimony is concerned solely with whether there are employment opportunities available to plaintiff according to the ALJ's evaluation of plaintiff's limitations. Requiring the hypothetical question to contain a detailed description of each of plaintiff's medical conditions, in addition to the ALJ's conclusion, is not only superfluous, but may be harmful to the process. The VE should not be required to answer unclear or overly complex questions.

The court has thoroughly reviewed the entire administrative record, the magistrate judge's report and recommendation, and the parties' briefs. The court is persuaded that the hypothetical question posed to the VE was sufficient. Therefore, defendant's decision in this matter is supported by substantial evidence. Accordingly,

IT IS ORDERED that Magistrate Judge Whalen's Report and Recommendation of March 7, 2005, is rejected.

IT IS FURTHER ORDERED that defendant's objection is sustained.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

|  |  |
|---|---|
| Dated: August 22, 2005<br>Detroit, Michigan | ____s/Bernard A. Friedman_____<br>BERNARD A. FRIEDMAN<br>UNITED STATES DISTRICT JUDGE |

I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.

_____/s/ Patricia Foster Hommel_____
Patricia Foster Hommel
Secretary to Chief Judge Friedman